

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**


**NOS.  2-10-236-CR**
**2-10-237-CR**
**2-10-238-CR**
**2-10-239-CR**
**2-10-240-CR**
**2-10-241-CR**
**2-10-242-CR**
**2-10-243-CR**


EX PARTE KORY MICHAEL GAUTREAUX


------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

# MEMORANDUM OPINION[1]

------------

Appellant Kory Michael Gautreaux attempts to appeal from the trial court's April 30, 2010 orders setting the conditions of bond.  Appellant's notice of appeal was due by June 1, 2010, but was not filed until June 14, 2010.  *See* Tex. R. App. P. 26.2(a)(1).  On June 25, 2010, we notified Appellant of our concern that we lacked

---

[1] *See* Tex. R. App. P. 47.4.

jurisdiction over these appeals due to their untimeliness and informed him that we would dismiss the appeals for want of jurisdiction unless he or any party desiring to continue the appeals filed a response showing grounds for continuing the appeals by July 5, 2010. *See* Tex. R. App. P. 44.3. Appellant responded to our jurisdictional letter on July 18, 2010, but the response does not show grounds for continuing the appeals.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The court of criminal appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton*, 981 S.W.2d at 210.

Because Appellant's notice of appeal was untimely, we have no basis for jurisdiction over the appeals. Accordingly, we dismiss the appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 19, 2010

2